STEVEN CHIZEN, California State Bar No. 329160
LAW OFFICE OF STEVEN CHIZEN
PO Box 11320
Oakland, California 94611
Telephone (510) 545-9556
Email steven.chizen@chizenlaw.com

JENNIFER SPENCER, TX State Bar No. 10474900
JAMES HUNNICUTT, Texas State Bar No. 24054252
*Pro Hoc Vice Applications Forthcoming*
JACKSON SPENCER LAW PLLC
12221 Merit Drive, Suite 160
Dallas, Texas 75251
Telephone (972) 458-5301
Email jspencer@jacksonspencerlaw.com
jhunnicutt@jacksonspencerlaw.com

Attorneys for Plaintiff, MARK KENNEDY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KENNEDY, an individual, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | 1) HARASSMENT – FEHA |
| | 2) DISCRIMINATION (AGE AND DISABILITY) – FEHA |
| SIMPSON STRONG-TIE, INC., and RYAN KAELIN, individually, | 3) RETALIATION – FEHA |
| | 4) FAILURE TO ACCOMMODATE – FEHA |
| Defendants. | 5) DISCRIMINATION – ADEA |
| | 6) DISCRIMINATION – ADA, TCHRA |
| | 7) RETALIATION – ADA, TCHRA |
| | 8) FAILURE TO ACCOMMDATE – ADA, TCHRA |
| | 9) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| | 10) FAILURE TO ENGAGE IN INTERACTIVE PROCESS – FEHA |
| | DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff, through his attorneys, Law Office of Steven Chizen and Jackson Spencer Law pllc, a Professional Limited Liability Company, respectfully alleges as follows:

I.  **JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, which specifically confers jurisdiction on this Court for controversies arising under the laws of the United States, including the ADEA and the ADA. This court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

2. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Simpson Strong-Tie and Defendant Ryan Kaelin regularly conduct business in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions forming the basis of the suit occurred in this District.

3. On November 17, 2020, Plaintiff timely filed a Charge of Discrimination ("Charge") (no. 555-2021-00217C) with the California Department of Fair Employment & Housing ("DFEH"), alleging discrimination on the basis of age, disability, and retaliation. Plaintiff received notification from the DFEH that the Charge was dual-filed with the EEOC on that date.

4. On January 6, 2021, Plaintiff submitted the Charge to the EEOC via the Texas Workforce Commission Civil Rights Division ("TWC"). On June 6, 2022, Plaintiff received the EEOC's Notice of Dismissal and Right to File Civil Action (the "EEOC Right to Sue Letter"). This lawsuit is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Right to Sue Letter.

5. All administrative and jurisdictional prerequisites have been met or have expired.

II.  **PARTIES**

6. Plaintiff MARK KENNEDY (hereinafter "Plaintiff" or "KENNEDY") held a number of roles at Defendant Simpson Strong-Tie, Inc. beginning on June 28, 1999. At the time of his termination on November 6, 2020, Plaintiff was a Senior Product Manager for Defendant.

7. Defendant SIMPSON STRONG-TIE, INC. (hereinafter referred to as "Defendant SIMPSON" or "SIMPSON") is one of the world's largest providers of structural products

including shearwalls, moment frames, fasteners, mechanical anchors, adhesives, and concrete/masonry products. It has over 1,000 customers in over 20 countries. It operates offices in sixteen states, including California. Beginning in 2006, Plaintiff reported to Defendant SIMPSON's office in an office in Pleasanton, Alameda County, California.

8. Defendant RYAN KAELIN (hereinafter referred to as "Defendant KAELIN" or "KAELIN") is an individual residing in Pasco County, Florida. At all times relevant, Kaelin was Plaintiff's direct supervisor as either a Director or a Vice President of Defendant SIMPSON.

### III. ALLEGATIONS

**A. Violations of California's Fair Employment and Housing Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act**

9. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

10. Defendant SIMPSON and Defendant KAELIN (hereinafter referred to as "Defendants") discriminated against Plaintiff based upon his age and disability.

11. At the time of his termination, Plaintiff was 54 years old. At all times relevant, Plaintiff performed his job duties remotely from his home in Plano, Texas.

12. At all times, Defendant SIMPSON maintained its principal office in Pleasanton, Alameda County, California.

13. At all times, Defendant KAELIN performed his job duties in numerous locations, including Texas, Illinois, Florida, and California.

14. On numerous occasions during his employment, Plaintiff was singled out on the basis of his disability by KAELIN and other Company officials. Plaintiff's disability of bipolar disorder affects the brain and neurological function, with symptoms including mood swings, mania, and depression.

15. Plaintiff's bipolar disorder substantially limits one or more major life activities of Plaintiff, including but not limited to sleeping, concentrating, thinking, memory, and communicating. At all times, Plaintiff was able to perform the essential functions of his job with or without accommodation.

16. Upon learning of Plaintiff's disability, President of North American Sales Roger Dankel spread rumors that Plaintiff was not truly bipolar, and Dankel opined that Plaintiff had a "doctor friend" fill out his ADA paperwork. Likewise, when Plaintiff experienced mood swings, KAELIN and others routinely mocked Plaintiff with comments such as "the old Mark," in reference to prior mood swing episodes.

17. Between 2016 and 2020, the Company conducted a series of layoffs in Plaintiff's department, resulting in the termination of approximately half the Product Managers. During this time, the vast majority of the job duties belonging to the terminated individuals was given to Plaintiff.

18. By early 2020, Plaintiff's workload was substantially higher than that of his younger, non-disabled peers. As a result, the cumulative stress of his increased workload began to impact Plaintiff's mental health, exacerbating the symptoms of his bipolar disorder.

19. Concurrently, in early 2020, Plaintiff began to experience side effects from his bipolar medication, which affected his concentration and memory.

20. In May 2020, Plaintiff informed KAELIN of his medication issues, including the impact on his concentration and memory, then requested a lighter workload to assist in re-stabilizing his condition. However, no change was made to reduce Plaintiff's workload, even temporarily. In the subsequent months, KAELIN repeatedly accused Plaintiff of "making a choice" not to perform his work despite knowledge of Plaintiff's medication issues and request for accommodation.

21. On August 19, 2020, KAELIN issued a write-up to Plaintiff for missing a deadline. Plaintiff again informed KAELIN that his heavy workload was adversely affecting his ongoing medication issues, and thus, his concentration, memory, and ability to timely accomplish all of the duties placed upon him.

22. Plaintiff again requested the accommodation of a reduced workload, but again, KAELIN ignored Plaintiff's request. Kaelin later told Plaintiff that he and Vice President of Concrete Jeremy Gilstrap thought Plaintiff was "just making up excuses."

23. On November 6, 2020, KAELIN and HR Business Partner Tracey Pleasants informed Plaintiff that his employment was being terminated for allegedly not meeting job requirements. Plaintiff again stated that the problem was his workload, which he had repeatedly asked KAELIN to reduce. Neither KAELIN nor Pleasants responded to Plaintiff's complaints related to the lack of engagement in any discussion with respect to Plaintiff's request for accommodation.

24. Plaintiff's job duties were distributed to younger employees.

25. At the time Plaintiff's employment with the Company ended, he possessed all certifications, degrees, and licenses required for his position.

26. Defendants' reasons for terminating Plaintiff's employment were mere pretext for terminating him in violation of the ADEA, the ADA, the FEHA, and the TCHRA.

27. All conditions precedent have been performed or have occurred.

**B. Common Law Claim for Wrongful Termination in Violation of Public Policy**

28. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

29. Plaintiff was terminated in retaliation for reporting and complaining of a disability and requesting reasonable accommodation for said disability. As a result, Defendants harassed and retaliated against Plaintiff by firing him – supposedly for performance based reasons. In reality, Defendants terminated Plaintiff for reporting a disability and requesting accommodation for said disability.

30. Defendants' conduct violates California Government Code § 12940, *et seq.*

31. Defendants' conduct violates the California Government Code § 12900 *et seq.*

32. Defendants' conduct violates the California Government Code §12926.

33. Defendants' conduct violates 42 U.S.C. § 12101, *et seq.*

34. Defendants' conduct violates the Texas Labor Code Ch. 21.

**Count I**

**Unlawful Harassment**

5

COMPLAINT

**California Government Code § 12940 *et seq.***

**(Against Both Defendants)**

35. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

36. The above conduct was unwelcome and was directed towards Plaintiff based on his mental disability. All of the above conduct was part of an ongoing and continuing pattern of conduct.

37. The above conduct caused Plaintiff to perceive his work environments as intimidating, hostile, abusive or offensive and created a hostile work environment based on his mental disability.

38. Complaints and/or information about much of the harassing conduct were made to Defendants, but the harassment continued. Defendants failed to conduct a prompt and thorough investigation into allegations of disability harassment and discrimination. After the complaints, the harassment continued in similar forms and resulted in new forms of harassment and discrimination.

39. Defendants' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendant, and in furtherance of Defendants' ratification of the wrongful conduct of the managers of Defendant. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant.

40. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants' and each of their actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

COMPLAINT

41.     The above harassing and discriminatory conduct violates California's FEHA, Cal. Gov. Code §§ 12940 and 12941, and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

### Count II
### Unlawful Age and Disability Discrimination
### California Government Code § 12940 *et seq.*
**(Against SIMPSON)**

42.     Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

43.     In engaging in and performing the acts and omissions alleged above, Defendant SIMPSON subjected Plaintiff to adverse employment actions affecting the compensation or the terms, conditions, or privileges of Plaintiff's employment, on account and because of Plaintiff's age and mental disability.

44.     Defendant SIMPSON's acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendant SIMPSON, and in furtherance of Defendant SIMPSON ratification of the wrongful conduct of the managers of Defendant SIMPSON.  Accordingly, Plaintiff is entitled to recover punitive damages from Defendant SIMPSON.

45.     By reason of the conduct of Defendant SIMPSON as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.  As a result of Defendant SIMPSON's actions, Plaintiff sustained economic damages to be proven at trial.  As a further result of Defendant SIMPSON's actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

46.     The above harassing and discriminatory conduct violates California's FEHA, Cal. Gov. Code §§ 12940 and 12941, and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

COMPLAINT

# COUNT III

## Retaliation for Opposing Forbidden Practices

## California Government Code § 12940 *et seq.*

### (Against Defendant SIMPSON)

47. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

48. In violation of California Government Code § 12940, Defendant SIMPSON retaliated against Plaintiff for having opposed, resisted, and complained of the acts alleged herein.

49. Within a short time after Plaintiff complained regarding harassment and discrimination, Defendant SIMPSON retaliated against Plaintiff by terminating his employment, causing Plaintiff emotional distress.

50. By reason of the conduct of Defendant SIMPSON as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

51. As a result of Defendant SIMPSON's actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendant SIMPSON's actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

52. The conduct of Defendant SIMPSON and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendant SIMPSONs actions. Defendant SIMPSON and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendant SIMPSON.

## Count IV

### Failure to Accommodate Plaintiff's Disability

### California Government Code § 12940 *et seq.*

COMPLAINT

**(Against Both Defendants)**

53. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

54. Plaintiff had a "mental disability," within the meaning of the FEHA, at the time that Defendants terminated Plaintiff in order to avoid fulfilling Plaintiff's reasonable accommodation request to lighten his workload while he adjusted to new medication.

55. Plaintiff was able to perform the essential duties of his position within the reasonable accommodation of a lighter workload.

56. In violation of California Government Code § 12940, Defendants denied Plaintiff's requests for reasonable accommodation without engaging in an interactive process with him and made no effort to accommodate Plaintiff's mental disability by lessening his workload, causing Plaintiff emotional distress.

57. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

58. As a result of Defendants' and each of their actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

59. The conduct of Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendants.

**Count V**

**Unlawful Age Discrimination**

**Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34**

COMPLAINT

**(Against Defendant SIMPSON)**

60. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

61. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the ADEA.

62. Plaintiff's discharge was because of his age in violation of the ADEA.

63. In engaging in and performing the acts and omissions alleged above, Defendant SIMPSON subjected Plaintiff to adverse employment actions affecting the compensation or the terms, conditions, or privileges of Plaintiff's employment, on account and because of Plaintiff's age.

64. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendant SIMPSON's actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendant SIMPSON's actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

65. Plaintiff's discharge was malicious or made with reckless indifference to his federally-protected rights.

66. The above discriminatory conduct violates entitles Plaintiff to all categories of damages under the ADEA, including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

67. As a direct and proximate consequence of the Company's violation, Plaintiff has suffered damages.

68. Plaintiff seeks damages including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life, as well as statutory liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

## Count VI

## Unlawful Disability Discrimination

## Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA")

**(Against Defendant SIMPSON)**

69. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

70. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the ADA and the TCHRA.

71. Plaintiff's discharge was because of his disability in violation of the ADA and the TCHRA.

72. In engaging in and performing the acts and omissions alleged above, Defendant SIMPSON subjected Plaintiff to adverse employment actions affecting the compensation or the terms, conditions, or privileges of Plaintiff's employment, on account and because of Plaintiff's disability.

73. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendant SIMPSON's actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendant SIMPSON's actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

74. Plaintiff's discharge was malicious or made with reckless indifference to his federally- and state-protected rights.

75. The above discriminatory conduct violates entitles Plaintiff to all categories of damages under the ADA and the TCHRA, including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

COMPLAINT

76. As a direct and proximate consequence of the Company's violation, Plaintiff has suffered damages.

77. Plaintiff seeks damages including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life, as well as equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## Count VII

### Retaliatory Discharge Due to Disability

### TCHRA and ADA

**(Against Defendant SIMPSON)**

78. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

79. After Plaintiff requested an accommodation of a lighter workload, Defendant SIMPSON retaliated against Plaintiff by terminating Plaintiff's employment.

80. Plaintiff's termination was on the basis of his request for an accommodation in violation of the ADA and the TCHRA.

81. In engaging in and performing the acts and omissions alleged above, Defendant SIMPSON subjected Plaintiff to adverse employment actions affecting the compensation or the terms, conditions, or privileges of Plaintiff's employment, on account and because of Plaintiff's disability.

82. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendant SIMPSON's actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendant SIMPSON's actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

83. Plaintiff's discharge was malicious or made with reckless indifference to his federally- and state-protected rights.

84. The above discriminatory conduct violates entitles Plaintiff to all categories of damages under the ADA and the TCHRA, including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

85. As a direct and proximate consequence of the Company's violation, Plaintiff has suffered damages.

86. Plaintiff seeks damages including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life, as well as equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## Count VIII

### Failure to Accommodate Disability

### TCHRA, ADA

### (Against Defendant SIMPSON)

87. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

88. Plaintiff had a "disability," within the meaning of the ADA and TCHRA, at the time that Defendant SIMPSON terminated Plaintiff in order to avoid fulfilling Plaintiff's reasonable accommodation request to lighten his workload while he adjusted to new medication.

89. Plaintiff was able to perform the essential duties of his position within the reasonable accommodation of a lighter workload.

90. In violation of the TCHRA and ADA, Defendant SIMPSON denied Plaintiff's requests for reasonable accommodation without engaging in an interactive process with him and made no effort to accommodate Plaintiff's mental disability by lessening his workload, causing Plaintiff emotional distress.

91. By reason of the conduct of Defendant SIMPSON as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

92. As a result of Defendant SIMPSON's actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendant SIMPSON's actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

93. Plaintiff's discharge was malicious or made with reckless indifference to his federally- and state-protected rights.

94. The above discriminatory conduct violates entitles Plaintiff to all categories of damages under the ADA and the TCHRA, including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

95. As a direct and proximate consequence of the Company's violation, Plaintiff has suffered damages.

96. Plaintiff seeks damages including lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life, as well as equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## Count IX

## Wrongful Termination in Violation of Public Policy

### (Against Both Defendants)

97. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

98. At all times relevant, Plaintiff was an employee of Defendants.

99. In doing the things herein alleged, Defendants threatened, harassed and discriminated against Plaintiff in the terms and conditions of his employment and ultimately terminated that employment.

100. This conduct was in violation of public policies pursuant to various state and federal laws, and to punish Plaintiff for his opposition to participating in Defendants' discriminatory and illegal practices.

101. In doing the things herein alleged, Defendants violated 42 U.S.C. § 12101, *et seq.*, the FEHA §§ 12900, 12926, 12940, and the TEXAS LABOR CODE Ch. 21, by retaliating against Plaintiff, including ultimately terminating his employment.

COMPLAINT

102. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has sustained and will sustain the loss of salary, as well as interest thereon. Plaintiff has also suffered damages, including, but not limited to, lost health insurance premiums and other valuable employee benefits. Additionally, the actions of Defendants were carried out in a deliberate manner in conscious disregard of the rights of Plaintiff and were malicious, despicable and were intended to harm him. Plaintiff is therefore entitled to punitive damages against Defendants in an amount sufficient to punish Defendants, and to deter future similar misconduct.

## Count X
## Failure to Engage in the Interactive Process with
## Respect to Plaintiff's Disability
## California Government Code § 12940 (n)
**(Against Both Defendants)**

103. Plaintiff incorporates by reference and realleges all paragraphs as if fully set forth herein.

104. Plaintiff had a "mental disability," within the meaning of the FEHA, at the time that Defendants terminated Plaintiff in order to avoid fulfilling Plaintiff's reasonable accommodation request to lighten his workload while he adjusted to new medication.

105. Plaintiff was able to perform the essential duties of his position within the reasonable accommodation of a lighter workload.

106. In violation of California Government Code § 12940(n), Defendants denied Plaintiff's requests for reasonable accommodation without engaging in an interactive process with him and took no steps to engage in the interactive process with Plaintiff.

107. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

108. As a result of Defendants' and each of their actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

109. The conduct of Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendants.

## **PRAYER**

1. WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

2. That, as a result of Defendants' unlawful employment actions, Plaintiff receive all relief necessary to make him whole pursuant to 29 U.S.C. §§ 621-34, 42 U.S.C. § 12101, *et seq.*;

3. That, as a result of Defendants' unlawful employment actions, Plaintiff receive all relief necessary to make him whole pursuant to federal and state causes of action for wrongful employment conduct, discrimination, harassment, retaliation, and termination, including punitive damages;

4. That, as a result of Defendants' violation of public policy, Plaintiff receive all relief necessary to make him whole pursuant to federal and state law, including punitive damages;

5. That, as a result of Defendants' violations of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.*, Plaintiff receive all relief necessary to make him whole pursuant to California state law, including punitive damages;

6. That, as a result of Defendants' violations of the TEXAS LABOR CODE Chapter 21, Plaintiff receive all relief necessary to make him whole pursuant to Texas state law;

7. That Plaintiff be awarded all costs of this action, including attorneys' fees, costs, and expenses;

8. That Plaintiff be given declaratory relief as provided by law, including, inter alia, that Defendants' actions against Plaintiff violated Government Code section 12940, et seq. and all other statutes alleged herein; and

9. That Plaintiff recover such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 16, 2022

                                      LAW OFFICE OF STEVEN CHIZEN

                                      */s/ Steven Chizen*
                                      STEVEN CHIZEN, CA State Bar No. 329160
                                      PO Box 11320
                                      Oakland, California 94611-0320
                                      Telephone (510) 9556
                                      Email steven.chizen@chizenlaw.com

                                      */s/ Jennifer J. Spencer*
                                      JENNIFER SPENCER, TX State Bar No. 10474900
                                      JAMES HUNNICUTT, TX State Bar No. 24054252
                                      *Pro Hoc Vice Applications Forthcoming*
                                      JACKSON SPENCER LAW PLLC
                                      12221 Merit Drive, Suite 160
                                      Dallas, Texas 75251
                                      Telephone (972) 458-5301
                                      Facsimile (972) 770-2156
                                      Email jspencer@jacksonspencerlaw.com
                                      jhunnicutt@jacksonspencerlaw.com

                                      Attorneys for Plaintiff
                                      MARK KENNEDY